## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**v.**                                              **CRIMINAL NO: 1:15 $CR$ /// **

**CHRISTOPHER GRAHAM, a/k/a, "G"**          **21 U.S.C. § 841**
**MORICKUS DAVIDSON, a/k/a, "Hot", "Hot Boy"**   **21 U.S.C. § 846**
**and**                                       **18 U.S.C. § 924**
**GEORGE FIELDS**

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

#### Conspiracy to Distribute Methamphetamine
#### 21 U.S.C. § 846

Beginning at a date unknown, but on or about February 2015, and continuing until September 2015, in the Northern District of Mississippi and elsewhere, the defendants, CHRISTOPHER GRAHAM, a/k/a, "G", MORICKUS DAVIDSON, a/k/a, "Hot", "Hot Boy", and GEORGE FIELDS did knowingly and willfully combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

#### Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a methamphetamine distribution network, which would obtain and subsequently distribute methamphetamine in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as

possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of methamphetamine to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The charged conspiracy was accomplished by the following means, among others, and in the following manner:

1.  It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

2.  It was further part of the conspiracy that co-conspirators would correspond with each other and with other methamphetamine traffickers in California and Mississippi, among other places, to arrange the purchase and shipment of large quantities of methamphetamine into the Northern District of Mississippi, and elsewhere.

3.  It was further part of the conspiracy that methamphetamine was purchased from a source of supply in California, packaged and shipped to the Northern District of Mississippi.

4.  It was further part of the conspiracy that co-conspirators transported and distributed methamphetamine to buyers in the Northern District of Mississippi, and elsewhere.

5.  It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

6.  It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

2

### Quantity of Methamphetamine
### Involved in the Conspiracy

With respect to CHRISTOPHER GRAHAM, a/k/a, "G" and MORICKUS DAVIDSON, a/k/a, "Hot", "Hot Boy", the quantities of the controlled substances within the overall scope of the conspiracy attributable to these defendants as a result of each defendants' own conduct is an amount in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to GEORGE FIELDS, the quantity of the controlled substances within the overall scope of the conspiracy attributable to that defendant as a result of his own conduct is any amount of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about February 4, 2015, in the Northern District of Mississippi, the defendants CHRISTOPHER GRAHAM, a/k/a, "G" and MORICKUS DAVIDSON, a/k/a, "Hot", "Hot Boy", being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

3

## COUNT THREE

On or about March 6, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a, "G" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about April 30, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a, "G" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about June 17, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a, "G" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

4

## COUNT SIX

On or about May 21, 2015, in the Northern District of Mississippi, the defendant GEORGE FIELDS did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SEVEN

On or about July 16, 2015, in the Northern District of Mississippi, the defendant GEORGE FIELDS did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

On or about September 11, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a, "G" did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT NINE

On or about September 11, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a, "G", during and in relation to a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is possessing with the intent to

5

distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly and intentionally and in furtherance of this crime possess firearms, specifically: 1) Rossi .243 rifle, model R243MBS, serial number CA073503; 2) Smith & Wesson .380 pistol, model Bodyguard, serial number KBD3243; 3) Ruger 9mm pistol, model LC9, serial number 325-87797; 4) Glock .40 pistol, model 22, serial number FKL075; and 5) Savage .300 rifle, model 110, serial number F19997D, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### Forfeiture Provision

The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, CHRISTOPHER GRAHAM, a/k/a, "G", MORICKUS DAVIDSON, a/k/a, "Hot", "Hot Boy", and GEORGE FIELDS shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

The property subject to forfeiture to the United States includes, but is not limited to, the following:

1. Rossi .243 rifle, serial number F19997D;

2. Smith & Wesson .380 pistol, serial number KBD3243;

3.  Ruger LC9 9mm pistol, serial number 325-87797;

4.  Glock 22 .40, serial number FKL075 2007;

5.  2010 Nissan Maxima, VIN 1N4AA5AP5AC847600; and

6.  $7,462.00 United States currency seized from 1431 Randle Quarters Road, Una, Mississippi.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

**A TRUE BILL**

_Felicia C. Adams_
**UNITED STATES ATTORNEY**

 _/s/ Signature Redacted_
**FOREPERSON**

7